Jones, J.
(concurring). I concur in the result reached by the majority. In my view the Statute of Limitations was no bar to the claim advanced here which charges a continuing discrimination and could never have been asserted prior to the 1974 amendment to the Human Rights Law. I would interpret the disposition of the Human Rights Appeal Board in the alternative as a rejection of the complainant’s contentions on the merits—"the action of the New York City Fire Department was not related to complainant’s employment but to his pension or retirement”. So viewed the determination is supported on the record considered as a whole and accordingly should be confirmed (Executive Law, § 298).
In my analysis responsibility in the first instance for determining whether a charge of discrimination falls within the proscription of the Human Rights Law has been vested in the Human Rights Division and the Human Rights Appeal Board. To the extent that the majority opinion might be viewed as making a determination on the merits of a question of discrimination without prior scrutiny by the division and board I would think it premature. Our function, in my view, is limited to review, to the extent authorized by statute, of prior adjudications of the Human Rights Board. This would suggest that if it be judged that the board had not passed on the merits of the present complainant’s contentions, the case should be remitted to the division and board for such consideration and disposition.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler and Cooke concur with Judge Fuchsberg; Judge Jones concurs in a separate opinion in which Chief Judge Breitel also concurs.
Order affirmed, with costs.